# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

KENNETH MCQUEEN

vs.

PRIMARY ARMS LLC

NO. 2025-03976

**NOTICE TO DEFEND – CIVIL**

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

KENNETH MCQUEEN

vs.

PRIMARY ARMS LLC

NO. 2025-03976

# CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: STEVEN A SCHWARTZ, Esq., ID: 50579

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**   [X] Yes   ☐ No

**MDJ Appeal**   ☐ Yes   [X] No        **Money Damages Requested** [X]

**Commencement of Action:**   Complaint        **Amount in Controversy:** More than $50,000

## Case Type and Code

Tort: 

Other

**Other:** VIOLATION OF PENNSYLVANIA WIRETAPPING AND

Case# 2025-03976-0 Docketed at Montgomery County Prothonotary on 02/24/2025 2:55 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| KENNETH MCQUEEN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PRIMARY ARMS, LLC,<br><br>    Defendant. | CIVIL DIVISION<br><br>Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kenneth McQueen ("Plaintiff"), on behalf of himself and all other similarly situated (the "Class Members") brings this case against Defendant Primary Arms, LLC ("Defendant"), which operates, controls and manages the website www.primaryarms.com. Plaintiff brings this action based upon personal knowledge of the facts pertaining to himself, and on information and belief as to all other matters, by and through the investigation of undersigned counsel.

## NATURE OF THE ACTION

1. This is a class action lawsuit brought on behalf of all Pennsylvania residents who have purchased firearms from www.primaryarms.com (the "Website").

2. Defendant aids, employs, agrees, and conspires with third parties, including but not necessarily limited to Listrak Inc. ("Listrak"), to intercept communications sent and received by Plaintiff and Class Members, including communications containing protected information about firearms purchases. Plaintiff brings this action for legal and equitable remedies resulting from these illegal actions.

H0128681.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to Pa. Cons. Art. 5, §5(b) and 42 Pa. C.S.A. §931(b).

4. This Court has personal jurisdiction over Defendant pursuant to 42 Pa. C.S.A. §5301(a)(2).

5. Venue is proper pursuant to Pa. R. Civ. P. 2179(a)(2)-(4) because Defendant regularly conducts business in this county, the causes of action arose out of conduct in this county, and the transaction or occurrence out of which the causes of action arose took place in this county.

## THE PARTIES

6. Plaintiff Kenneth McQueen is an adult citizen of the Commonwealth and is domiciled at 561 Woodward Drive, Huntingdon Valley, Pennsylvania 19006. On or about May, 2023, Plaintiff purchased a Seekins Precision SP10 6.5 Creedmoor Semi-Automatic AR-10 Rifle from www.primaryarms.com. During the Class Period, and after purchasing his firearm from Defendant's Website, Plaintiff viewed several targeted advertisements from Defendant on social media and YouTube. When accessing the website and completing the purchase, Plaintiff was located in Pennsylvania.

7. Defendant Primary Arms, LLC is a limited liability company headquartered at 3219 South Sam Houston Parkway East, Suite 100, Houston, Texas 77047. Defendant owns and operates www.primaryarms.com. Through this Website, Defendant sells firearms and firearm accessories.

8. Pursuant to the systematic process described herein, Defendant, through www.primaryarms.com, assisted Listrak with intercepting Plaintiff's communications, including those that contained personally identifiable information and protected information about his

H0128681.                                                  2

Case# 2025-03976-0 Docketed at Montgomery County Prothonotary on 02/24/2025 2:55 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

firearms purchases. Defendant assisted these interceptions without Plaintiff's knowledge, consent or express written authorization. By failing to receive the requisite consent, Defendant breached confidentiality and unlawfully disclosed Plaintiff's personally identifiable information and protected information about his firearms purchases. In disclosing this sensitive and protected information, Defendant invaded the personal privacy of Plaintiff and members of the putative Class.

**FACTUAL ALLEGATIONS**

1.  **Defendant's Website and Listrak**

9. Defendant owns and operates the website, www.primaryarms.com, through which it sells guns, gun parts, and ammunition nationwide.

10. Defendant's website hosts code for Listrak, which allows Listrak to intercept consumers', including Plaintiff's, electronic communications.

11. Listrak is a customer engagement platform that allows companies, like Defendant, to build customer profiles.[1]

12. Listrak's tools include "cross-device identification," which allows it to use "deterministic and probabilistic cross-device tracking to connect disparate identifiers into a unique identity." *Id.*

13. Every time a consumer visits Defendant's Website Listrak creates a unique session ID for which it can collect information and match it to existing consumer profiles.

When a consumer adds an item to their online cart for checkout, Listrak intercepts specific information to identify the item being purchased:

---

[1] https://www.listrak.com/platform/unified-customer-data.

H0128681.                                   3

**Figure 1:**

```
gsid: 6955e63b-7912-4b20-a205-fe93082696f0
_sid: d8b7af71-a862-4c10-9397-43c3e7e7830e
_tid: v8fgZKqFiUCn
_uid: 6A3E45EF-CA00-4EC6-9238-22DF5911C9F8
ck: /cart?ts=1707412657870&ck=&vid=&cktime=&cart=
s_0: 13513
q_0: 1
p_0: 989.99
n_0: Smith & Wesson Volunteer XV OR 5.56 AR-15 Rifle - Black - Crimson Trace RDS - 16"
iu_0: /SSP Applications/NetSuite Inc. - SCA Mont Blanc/Development/img/13513_00.jpg
lu_0: /smith-wesson-volunteer-xv-or-rifle-223-5-56-16-black-crimson-trace-rds
```

14. When a consumer views the items in their cart to initiate the checkout process, Listrak intercepts that information as well:

**Figure 2:**

```
gsid: 6955e63b-7912-4b20-a205-fe93082696f0
_sid: d8b7af71-a862-4c10-9397-43c3e7e7830e
_tid: v8fgZKqFiUCn
_uid: 6CDC8822-0880-42AC-9E41-895A20F483F5
ck: /cart?ts=1707412773093&ck=&vid=&cktime=&cart=
s_0: RM400-16B-TRD-PRED2
q_0: 1
p_0: 999.99
n_0: SIG Sauer M400 Tread Predator 5.56 AR-15 Rifle - Jungle Green - 16"
iu_0: /SSP Applications/NetSuite Inc. - SCA Mont Blanc/Development/img/RM400-16B-TRD-PRED2_00.jpg
lu_0: /sig-sauer-m400-tread-predator-2-16in-5-56-nato-rifle-jungle-green
s_1: 13513
q_1: 1
p_1: 989.99
n_1: Smith & Wesson Volunteer XV OR 5.56 AR-15 Rifle - Black - Crimson Trace RDS - 16"
iu_1: /SSP Applications/NetSuite Inc. - SCA Mont Blanc/Development/img/13513_00.jpg
lu_1: /smith-wesson-volunteer-xv-or-rifle-223-5-56-16-black-crimson-trace-rds
```

Case# 2025-03976-0 Docketed at Montgomery County Prothonotary on 02/24/2025 2:55 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

H0128681.                              4

15. Listrak then intercepts when a consumer initiates the checkout process and collects the consumers personally identifiable information, including their email address:

**Figures 3-4:**

```
vuid: 40d868a1-3b2f-4501-af05-4211520a02fe
uid: EFD7F268-D44C-4888-9CC6-4A8FD09185E3
gsid: 6955e63b-7912-4b20-a205-fe93002696f0
sid: d8b7af71-a862-4c10-9397-43c3e7e7830e
_t_0: at
t_0: PageBrowse
k_0: https://www.primaryarms.com/sca-dev-2019-2/checkout.ssp?is=checkout&opt
```

```
vuid: 40d868a1-3b2f-4501-af05-4211520a02fe
uid: 532FA0D5-C3C7-4730-9159-CF2B7CF91A45
gsid: 6955e63b-7912-4b20-a205-fe93082696f0
sid: d8b7af71-a862-4c10-9397-43c3e7e7830e
_t_0: at
t_0: Identification
k_0: 1:thommy5431@yahoo.com
```

16. Listrak then matches this information to its existing database to identify consumers who visit Defendant's website.

17. Listrak is able to execute this matching function through the use of its identity resolution functionality.

18. Notably, even when this feature is disabled, Listrak still collects all information necessary for it to identify consumers if it chooses to do so in the future.

19. Listrak collects and stores this information for advertising purposes.

20. Defendant knowingly discloses this information sufficiently permitting an ordinary person to identify a specific individual's website activity, including what webpages they visit and what products they purchase.

H0128681.                                        5

### C.  Defendant Never Received Consent from Plaintiff and Class Members to Assist Listrak with Intercepting Their Communications

21. Defendant never received consent from users to intercept their electronic communications.

22. Plaintiff and Class Members did not consent to Defendant's privacy policies prior to third parties, including Listrak, intercepting their electronic communications. Even if applicable, that privacy policy fails to disclose that Defendant assists third parties like Listrak with intercepting communications that contain sensitive information.

23. Likewise, Listrak never receives consent from users to intercept and collect electronic communications containing their sensitive and unlawfully disclosed information.

## CLASS ALLEGATIONS

24. Plaintiff, pursuant to Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure, asserts this action individually and on behalf of the following class: all persons in Pennsylvania who purchased a firearm from www.primaryarms.com (the "Class").

25. Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate, including through the use of multi-state subclasses.

26. **Numerosity.** Consistent with Pennsylvania Rule of Civil Procedure 1702(1), the Class is so numerous that joinder of all members is impracticable. While Plaintiff does not know the exact number of members of the aforementioned Class, Plaintiff believes the Class contains at least hundreds of individuals, and the members can be identified through Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, social media and/or published notice.

H0128681.                                            6

Case# 2025-03976-0 Docketed at Montgomery County Prothonotary on 02/24/2025 2:55 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

27.  **Commonality.** Consistent with Pennsylvania Rule of Civil Procedure 1702(2), common questions of law and fact exist as to all Class members. These common questions of law or fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

(a) whether Defendant collected users' PII, website activities and firearms purchases;

(b) whether Defendant unlawfully disclosed and continue to disclose its users' PII, website activities and firearms purchases in violation of Pennsylvania Wiretapping Act, 8 Pa. Cons. Stat. § 5701, *et seq.*;

(c) whether Defendant unlawfully disclosed and continue to disclose its users' PII, website activities and firearms purchases in violation of Uniform Firearms Act, 18 Pa.C.S. § 6111(i); and

(d) whether Defendant disclosed its users PII, website activities and firearms purchases without consent.

28.  **Typicality.** Consistent with Pennsylvania Rule of Civil Procedure 1702(3), Plaintiff's claims are typical of the claims of the Class he seeks to represent because Plaintiff and all Class members have suffered similar injuries as a result of the same practices alleged herein. Plaintiff has no interests to advance adverse to the interests of the other Class members, and Defendant has no defenses unique to any Plaintiff.

29.  **Adequate Representation.** Consistent with Pennsylvania Rule of Civil Procedure 1702(4) and 1709, Plaintiff has and will continue to fairly and adequately represent and protect the interests of the Clas and has retained as his counsel attorneys competent and experienced in class actions and complex litigation, including litigation to remedy privacy violations. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of Class members, and they have the resources to do so.

H0128681.                                    7

30. **Predominance.** Consistent with Pennsylvania Rule of Civil Procedure 1708(a)(1), common questions of law and fact predominate over any questions affecting only individual Class members. For example, Defendant's liability and the fact of damages is common to all members of the Class.

31. **Superiority and Manageability.** Consistent with Pennsylvania Rule of Civil Procedure 1708(a)(2), a class action is superior to other available methods for the fair and efficient adjudication of this dispute. The injury suffered by each Class member, while meaningful on an individual basis, may not be of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Even if Class members could afford individual litigation, those actions would put immeasurable strain on the court system. Moreover, individual litigation of the legal and factual issues of the case would increase the delay and expense to all parties and the court system. A class action, however, presents far fewer management difficulties and provides the benefit of single adjudication, economy of scale and comprehensive supervision by a single court.

32. **Risk of Inconsistent, Varying, or Prejudicial Adjudications.** Consistent with Pennsylvania Rule of Civil Procedure 1708(a)(3), a class action will minimize the risk of inconsistent, varying or prejudicial adjudications. If Plaintiff's and Class members' claims were tried separately, Defendant would be confronted with incompatible standards of conduct and divergent court decisions.

33. **Litigation Already Commenced.** Consistent with Pennsylvania Rule of Civil Procedure 1708(a)(4), to Plaintiff's knowledge, one case was previously brought against Defendant based on the conduct alleged in this complaint in *McQueen v. Primary Arms, LLC*,

H0128681.                                        8

Case No. 2:24-cv-00725-GEKP (E.D. Pa.). The federal court matter was voluntarily dismissed without prejudice on February 11, 2025.

34. **Appropriateness of Forum.** Consistent with Pennsylvania Rule of Civil Procedure 1708(a)(5), the most appropriate forum to concentrate the litigation is this county because Defendant conducts business in this county, the conduct at issue took place in part in this county, and a substantial number of Class members were injured in this county.

35. **Support for Class Certification.** Consistent with Pennsylvania Rule of Civil Procedure 1708(a)(6) and (7), there is support for a class to be certified because of the relatively low amount recoverable by each Class member and the expense of individual litigation.

36. **The General Applicability of Defendant's Conduct.** Consistent with Pennsylvania Rule of Civil Procedure 1708(b)(2), Defendant's conduct is generally applicable to the Class as a whole, making relief appropriate with respect to each Class member.

## CLAIMS FOR RELIEF

### COUNT I
**Violation of the Pennsylvania Wiretapping Act**
**18 Pa. Cons. Stat. § 5701,** *et seq.*

37. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

38. Plaintiff brings this Count individually and on behalf of the members of the Class.

39. The Pennsylvania Wiretapping Act prohibits (1) the interception or procurement of another to intercept any wire, electronic, or oral communication; (2) the intentional disclosure of the contents of any wire, electronic, or oral communication that the discloser knew or should have known was obtained through the interception of a wire, electronic, or oral communication; and (3) the intentional use of the contents of any wire, electronic, or oral communication that the discloser

H0128681.                                    9

knew or should have known was obtained through the interception of a wire, electronic, or oral communication. 18 Pa. Cons. Stat. § 5703.

40. Any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use, a wire, electronic, or oral communication in violation of the Act is subject to a civil action for (1) actual damages, not less than liquidated damages computed at a rate of $100 per day for each violation or $1,000, whichever is higher; (2) punitive damages; and (3) reasonable attorneys' fees and other litigation costs incurred. 18 Pa. Cons. Stat. § 5725(a).

41. "Intercept" is defined as the "[a]ural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa. Cons. Stat. § 5702. "Electronic, mechanical or other device," in turn, means "[a]ny device or apparatus … that can be used to intercept a wire, electronic or oral communication[.]" *Id.*

42. The following constitutes a device within the meaning of 18 Pa. Cons. Stat. § 5702:

    a. The computer codes and programs that Defendant used to track Plaintiff and Class Members' communications while navigating the website;

    b. Plaintiff's and Class Members' web browsers;

    c. Plaintiff's and Class Members' computing devices;

    d. Defendant's web servers;

    e. The web servers from which Listrak received the Plaintiff's and Class Members' communications while they were using a web browser to access Defendant's website;

    f. The plan Defendant carried out to effectuate their tracking of Plaintiff's and Class Members' communications while using a web browser to access the website.

10

Case# 2025-03976-0 Docketed at Montgomery County Prothonotary on 02/24/2025 2:55 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

43. At all relevant times, Defendant procured third parties, including Listrak, to track and intercept Plaintiff's and other Class Members' internet communications while navigating its website. Defendant sent these communications to Listrak without authorization or consent from Plaintiff or Class Members.

44. Defendant, when procuring Listrak to intercept Plaintiff' communications, intended Listrak to learn the meaning of the content the visitor requested.

45. Plaintiff and Class Members had a justified expectation under the circumstances that their electronic communications would not be intercepted.

46. Plaintiff and Class Members were not aware that their electronic communications were being intercepted by Listrak.

47. By unlawfully disclosing sensitive and protected information to Listrak, Defendant invaded the personal privacy of Plaintiff and members of the Class.

## COUNT II
### Violation of the Uniform Firearms Act
### 18 Pa.C.S. § 6111(i)

48. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

49. Plaintiff brings this Count individually and on behalf of the members of the Class.

50. Section 6111(i) of the Uniform Firearms Act ("UFA") provides the following:

> **(i) Confidentiality.**--All information provided by the potential purchaser, transferee or applicant, including, but not limited to, the potential purchaser, transferee or applicant's name or identity, furnished by a potential purchaser or transferee under this section or any applicant for a license to carry a firearm as provided by section 6109 shall be confidential and not subject to public disclosure. In addition to any other sanction or penalty imposed by this chapter, any person, licensed dealer, State or local governmental agency or department that violates this subsection shall be liable in civil damages in the amount of $1,000 per occurrence or three times the

H0128681.

11

actual damages incurred as a result of the violation, whichever is greater, as well as reasonable attorney fees.

51. Plaintiff is a "purchaser" under the UFA because he purchased a firearm from Defendant. On or about May, 2023, Plaintiff purchased a Seekins Precision SP10 6.5 Creedmoor Semi-Automatic AR-10 Rifle from www.primaryarms.com.

52. Defendant disclosed to Listrak information that Plaintiff provided to it in connection with his purchase of this firearm. Specifically, Defendant disclosed Plaintiff's email address, the type of gun that he purchased, among other items.

53. Based on Listrak's vast network of consumer data, Listrak is reasonably able to use such information to identify Plaintiff and members of the Class.

54. By unlawfully disclosing sensitive and protected information to Listrak, Defendant invaded the personal privacy of Plaintiff and members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. Determining that this action is a proper class action;

b. For an order certifying the Class, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

c. For an order declaring that Defendant's conduct violates the statute referenced herein;

d. For an order finding in favor of Plaintiff and the Class on the counts asserted herein;

e. Awarding compensatory damages, including statutory damages where available, to Plaintiff and the Class Members against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial;

H0128681.                                12

Case# 2025-03976-0 Docketed at Montgomery County Prothonotary on 02/24/2025 2:55 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

 f. For punitive damages, as warranted, in an amount to be determined at trial;

 g. Ordering Defendant to disgorge revenues and profits wrongfully obtained;

 h. For prejudgment interest on all amounts awarded;

 i. For injunctive relief as pleaded or as the Court may deem proper;

 j. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

 k. Granting Plaintiff and the Class Members such further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

Dated: February 24, 2025

Respectfully submitted,

By:  *Steven A. Schwartz*
**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**
Steven A. Schwartz (PA I.D. No. 50579)
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
Fax: (610) 649-3633
E-Mail: sas@chimicles.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta*
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: pfraietta@bursor.com

H0128681.

13

**BURSOR & FISHER, P.A.**
Stephen A. Beck*
701 Brickell Ave., Suite 2100
Miami, FL 33131-2800
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: sbeck@bursor.com

*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*

Case# 2025-03976-0 Docketed at Montgomery County Prothonotary on 02/24/2025 2:55 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2025-03976-0 Docketed at Montgomery County Prothonotary on 02/24/2025 2:55 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **VERIFICATION**

I, _Kenneth McQueen_____, hereby state:

1. I am a plaintiff in this action;

2. I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief; and

3. I understand that the statements in said Complaint are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*Kenneth McQueen*
_____
CLIENT NAME

DATED: _Feb 24, 2025_____

# AFFIDAVIT OF SERVICE

| Case: 2025-03976 | Court: IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA | County: Montgomery | Job: 12777162 (Primary Arms/56824) |
|---|---|---|---|
| **Plaintiff / Petitioner:** KENNETH MCQUEEN | | **Defendant / Respondent:** PRIMARY ARMS LLC | |
| **Received by:** ALMA | | **For:** Chimicles Schwartz Kriner & Donaldson-Smith LLP | |
| **To be served upon:** Primary Arms, LLC | | | |

I, Paul Brennan, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Matthew Rodriguez, Company: 3219 South Sam Houston Parkway East, Houston, Texas 77047
**Manner of Service:** Authorized, Feb 26, 2025, 12:00 pm CST
**Documents:** NOTICE TO DEFEND - CIVIL; CIVIL COVER SHEET; CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED (Received Feb 25, 2025 at 8:00pm EST)

**Additional Comments:**
1) Successful Attempt: Feb 26, 2025, 12:00 pm CST at Company: 3219 South Sam Houston Parkway East, Houston, Texas 77047 received by Matthew Rodriguez. Age: 30; Ethnicity: Caucasian; Gender: Male; Weight: 160; Height: 5'9"; Hair: Black; Eyes: Other; Other: Title: Director of Compliance Subject wore glasses;

_____   2/26/2025
Paul Brennan                Date

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

2/26/2025         4/17/2027
Date              Commission Expires



JOHN TERRANCE BRENNAN
My Notary ID # 371706
Expires April 17, 2027

ALMA
PO Box 27997
Washington, DC 20038
410-317-4477