IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH MCQUEEN,** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**PRIMARY ARMS, LLC,**<br><br>Defendant. | CIVIL ACTION<br><br>NO. 25-1427-KSM |

## ORDER

**AND NOW**, this 25th day of June, 2025, upon consideration of Plaintiff Kenneth McQueen's Motion to Remand (Doc. No. 8), Defendant Primary Arms, LLC's response in opposition (Doc. No. 18), and Plaintiff's reply in support (Doc. No. 19), and following oral argument, the Court finds as follows:

1.  Despite his position that the Court has subject matter jurisdiction over this action, Plaintiff asks this Court to remand this action—which is nearly identical to the action Plaintiff previously filed in this Court and ultimately voluntarily dismissed—on the basis that Defendant has failed to demonstrate that the Court has subject matter jurisdiction. (Doc. No. 8.) Plaintiff takes issue with Defendant's failure to establish one specific aspect of jurisdiction—Plaintiff's standing under Article III of the United States Constitution to bring this action in federal court. (*Id.*)

2.  Both parties agree that the Court has "an independent obligation to determine whether subject-matter jurisdiction exists," including when faced with a motion to remand. (*See* Doc. No. 8-2 at 8 ("'[F]ederal courts have an independent obligation to determine whether

subject-matter jurisdiction exists,' for which 'Article III jurisdiction is always an antecedent question.' Thus, the Court cannot just accept Defendant's notice of removal as a concession that there is Article III standing. The Court must evaluate Article III standing for itself." (quoting *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017))); Doc. No. 18 at 7–8, 11 n.6, 14 n.9 ("[F]ederal courts possess an 'independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" (quoting *Johnson v. Patenaude & Felix, A.P.C.*, No. 20-cv-1791, 2021 WL 3260064, at *3 (M.D. Pa. July 29, 2021))).)

3.      In Plaintiff's nearly identical, now-dismissed action before this Court, the Court granted Defendant's motion to stay pending a final decision of the Court of Appeals for the Third Circuit in *In re: BPS Direct LLC, et al.* (3d Cir. Case No. 23-3235) after concluding that that decision "will almost certainly substantially impact the standing analysis in the present case." *See McQueen v. Primary Arms, LLC*, No. 24-cv-725-KSM, 2024 WL 2866354, at *2–3 & n.2 (E.D. Pa. June 6, 2024). In light of this prior ruling, and keeping in mind its "independent obligation to determine whether subject-matter jurisdiction exists," the Court finds that it would not further the interests of judicial economy to make this determination before the Third Circuit issues a final decision in *In re: BPS Direct LLC, et al.*

For those reasons, it is **ORDERED** that Plaintiff's Motion to Remand is **DENIED without prejudice**. Plaintiff retains the right to move to remand pursuant to 28 U.S.C. § 1447(c), if appropriate, following the Third Circuit's decision in *In re: BPS Direct LLC, et al.*

   IT IS SO ORDERED.

                                          */s/ Karen Spencer Marston*
                                          KAREN SPENCER MARSTON, J.