IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH MCQUEEN**, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>*v.*<br><br>**PRIMARY ARMS, LLC,**<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO. 25-1427-KSM** |

**ORDER**

**AND NOW**, this 29th day of July, 2026, upon consideration of Defendant Primary Arms, LLC's Motion to Stay Pending Resolution of Motion to Dismiss (Doc. No. 34), and Plaintiff Kenneth McQueen's Opposition (Doc. No. 37), the Court finds as follows:

1. This wiretapping dispute began back in February of 2024 due to Defendant's alleged use of code from a third-party customer engagement company, Listrak, on its website. *See McQueen v. Primary Arms, LLC* ("*McQueen I*"), No. 24cv725 (E.D. Pa), Doc. No. 1. Shortly after the *McQueen I* complaint was filed in this court, Defendant moved for a stay of the case pending resolution of a separate action that was then on appeal to the Third Circuit, *In re BPS Direct LLC, et al.* (3d Cir. Case No. 23-3235). *McQueen I*, Doc. No. 8. On June 6, 2024, this Court granted Defendant's motion for a stay, finding that "it is likely that the outcome of the [*In re BPS*] appeal . . . will have a significant, and possibly dispositive, impact on the standing analysis in the present action." *McQueen I*, Doc. No. 22 at 4. Plaintiff then voluntarily dismissed *McQueen I* in February of 2025, *see* Doc. No. 26 and refiled his lawsuit in the Montgomery County Court of Common Pleas, after which Defendant removed the case back to

this Court. (*See* Doc. No. 1.) Shortly thereafter, this action was again stayed because *In re BPS* was still pending on appeal at the Third Circuit. (Doc. No. 27.)

2. On May 11, 2026, the Third Circuit decided *In re BPS*. *See In re BPS Direct, LLC; Cabela's, LLC Wiretapping Litig.*, 175 F.4th 423 (3d Cir. 2026). The Court affirmed in part and reversed in part the district court's opinions on standing, finding that plaintiffs in a similar wiretapping putative class action who entered "credit card or debit card numbers [on a website using Session Replay Code] . . . have standing" due to the "'personal or sensitive'" nature of that information. *Id.* at 433. Shortly thereafter, the Court lifted the stay in this action, directed the parties to file their Joint Federal Rule of Civil Procedure 26f Report, and set a date for the preliminary pretrial conference pursuant to Federal Rule of Civil Procedure 16. (*See* Doc. Nos. 30, 31.) At the preliminary pretrial conference, Defense counsel stated Defendant's intent to file the instant motion and Plaintiff's counsel expressed oral opposition. (*See* Doc. No. 33.) The parties then filed their respective motions. (*See* Doc. Nos. 34, 37.) And Defendant then filed a motion to dismiss the Complaint, which Plaintiff has opposed. (*See* Doc. Nos. 36, 38.)

3. "[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). Even so, the Third Circuit has indicated motions to dismiss "should typically 'be resolved before discovery begins.'" *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (quoting *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997)). But "a court should not automatically stay discovery when a motion to dismiss is filed, a stay is proper where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Carlson v. PNC Fin. Servs. Grp., Inc.*, No. 25cv5702, 2026 WL 922407, at *1 n.1 (E.D. Pa. Jan. 6, 2026).

So, when faced with a motion to stay discovery, courts in this Circuit have weighed (1) the prejudice to the non-movant, here, Plaintiff; (2) hardship to the movant, here, Defendant; and (3) judicial economy. *See Vonbergen v. Liberty Mut. Ins. Co.*, No. 22cv4880, 2024 WL 1660537, at *1 (E.D. Pa. Apr. 17, 2024); *Frey v. Frontier Utilities Ne. LLC*, No. 19cv2372, 2020 WL 12697469, at *1 (E.D. Pa. Apr. 13, 2020); *Stokes v. Real Page, Inc.*, No. 15cv1520, 2016 WL 9711699, at *1 n.1 (E.D. Pa. Jan. 25, 2016). We discuss each in turn below.

4. **Prejudice to Plaintiff.** This factor weighs in favor of Plaintiff, at least initially. This case has been in amber for more than two years, and "[m]emories fade, records are lost or destroyed as time wears on, and employees get fired, are transferred, or quit." *Richardson v. Verde Energy USA, Inc.*, No. 15cv6325, 2016 WL 4478839, at *2 (E.D. Pa. Aug. 25, 2016). Such a continued delay makes all of the above more likely—and all the more prejudicial to Plaintiff's claims. Defendant's argument on this issue misses the mark. It focuses on how, should Plaintiff prevail in this action, the continued delay could be "remedied through monetary damages." (Doc. No. 34 at 6 (quoting *Ferrari v. Forbes Media LLC*, No. 25cv12, 2025 WL 860064, at *6 (D. Del. Mar. 19, 2025). But Plaintiff's concern is more fundamental; the longer this case is delayed the more likely it is that some of the evidence necessary to prove his claims may be lost. This concern is sufficiently cognizable for us to find this factor weighs for Plaintiff.

5. But, as Plaintiff recognizes, "[c]ourts have found no prejudice where plaintiffs can at least move forward with 'limited discovery.'" (Doc. No. 37 at 6 (citing *Frey*, 2020 WL 12697469, at *2).) Plaintiff's opposition correctly identifies the concern regarding the loss of discoverable evidence, but only cites to one "acute" example: "Listrak's inception logs and session data held by a third-party vendor." (Doc. No. 37 at 7.) Should the Court allow discovery related to these logs to take place, neither Plaintiff, nor the Court's independent consideration,

identifies any other specific prejudice if all other discovery is stayed. So, the Court finds that should it grant Plaintiff the limited discovery he seeks, this factor would weigh in favor of a stay.

6. **Hardship to Defendant.** This factor weighs, slightly, in favor of a stay. Defendant's only argument regarding prejudice is that "it will be forced to expend" resources litigating initial discovery, purportedly "the most if not one of the costliest stages of litigation." (Doc. No. 34 at 6.) But, especially in light of the already two-year long delay, the Court finds such hardship should be afforded minimal weight because, as Plaintiff aptly states, "it is the price of litigation, and it is true of every defendant in every civil case." (Doc. No. 37 at 8.)

7. **Judicial Economy.** This factor weighs in favor of a stay. First, Defendant is correct that even considering the long amount of time this case has been stayed, it is still in its infancy. (*See* Doc. No. 34 at 5); *see also Bataan Licensing LLC v. DentalEZ, Inc.*, No. 22cv238, 2023 WL 143991, at *2 (D. Del. Jan. 10, 2023) ("With the Court and the parties having invested relatively few resources in the cases since their filing, this factor strongly favors a stay.") Second, this action and the subsequent motion to dismiss filed by Defendant implicate novel legal claims and fundamental issues of jurisdiction and standing, respectively. (*See* Doc. Nos. 1, 36.) A stay is proper where there is "the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Weisman v. Mediq, Inc.*, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995). Here, Plaintiff has brought a putative class action lawsuit regarding the intersection between Pennsylvania's wiretapping and firearms statutes and the use of tracking software and code on websites. (*See* Doc. No. 1.) The Third Circuit has only recently spoken on whether allegations relating to such tracking software give rise to a case & controversy sufficient for Article III standing. *See In re BPS*, 175 F.4th 423. But there has been no specific guidance regarding the intersection posed by

Plaintiff here. And Defendant's motion seeks to dismiss Plaintiff's claims not merely on the underlying merits, but on two threshold issues: personal jurisdiction and standing. *See FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577–578 (D. Del. Bank. 2025) (discussing how "parties have a right not to litigate in a forum where the Court lacks personal jurisdiction over them and until that determination is made, full discovery undermines due process considerations"). While the Court does not rule on Defendant's motion today, Defendant has provided the Court with multiple potential non-frivolous avenues to dismiss this novel action in its entirety without any discovery. This supports a stay.

So, as the majority of the factors favor a stay, the motion will be granted. But, as the Court is mindful of Plaintiff's concerns regarding third-party discovery and the delay in this action, we will allow limited discovery during the stay. As such, Defendant's motion to stay discovery (Doc. No. 34) is **GRANTED in PART and DENIED in PART**. The parties will be allowed to seek limited and targeted discovery of third-party Listrak *solely* as to Listrak's interception logs and session data relevant to the allegations in Plaintiff's Complaint. No other discovery shall be permitted pending resolution of Defendant's motion to dismiss. Beyond that limited exception discussed above, this action is **STAYED** pending further order of this Court.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
KAREN SPENCER MARSTON, J.